Filed 8/9/13  P. v. Ortiz CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAFAEL ORTIZ,<br><br>    Defendant and Appellant. | B245601<br><br>(Los Angeles County<br>Super. Ct. No. KA096879) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce Marrs, Judge.  Affirmed.

Tomas Requejo for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

Following a jury trial, appellant was convicted of possession of cocaine. (Health & Saf. Code, § 11350, subd. (a).) Appellant contends the trial court failed to excuse a juror for cause and there was insufficient evidence to support the judgment. His contentions are meritless.

## I. FACTS

### A. Prosecution

Appellant was a captain with the Los Angeles Fire Department and a reserve deputy with the Los Angeles Sheriff's Department. On December 30, 2011, a baggie of cocaine fell from the area of his waistband and landed on the ground as he walked through the sheriff's department. The baggie was eventually found by a sheriff's deputy. Surveillance video showed the floor clear of debris prior to appellant's entry into the area.

After a sheriff's deputy spoke to appellant about the issue, appellant contacted Andrew Grzywa—the battalion fire chief in charge of his unit. Appellant told Grzywa that the sheriff's department had taken his credentials because a controlled substance may have fallen from his pocket at the sheriff's station. Appellant said the baggie containing the substance could have been something he collected when participating in an arrest. However, three days later he called Grzywa and changed his story. Grzywa described appellant's second explanation as follows: "[A] few months prior . . . he got into . . . his own personal vehicle, and discovered a small baggie of what he believed to be cocaine. At that point in time, he explained . . . that . . . one of his sons had been driving the vehicle, along with one of his friends, and it was after his son had been driving the vehicle that he discovered the cocaine."

B.  Defense

Appellant had the authority to arrest people while he was on duty.  His supervisor at the sheriff's department as well as three additional witnesses, i.e., a reserve deputy, a battalion chief, and a firefighter, attested to appellant's positive character traits such as dependability, honesty and trustworthiness.

## II.  DISCUSSION

A.  Juror No. 3

After the jury was empanelled but prior to opening statements, Juror No. 3 telephoned the clerk.  The juror stated to the clerk that he did not live "full time" in Pomona (Los Angeles County) and that he lived part of the time in Chino (Riverside County).   The trial court's notes, as well as the notes of both attorneys, reflected Juror No. 3 indicated during voir dire that his "area of residence" was Pomona.

Defense counsel stated:  "I'm not waiving any defect in him sitting as a juror.  Maybe the court might want to inquire of him just to make the record clean.  Up to this point, the record has been clean, absent his representation to the clerk this morning.  I'm kind of confused as to what he's trying to tell us."  The trial court appeared to interpret these comments as a motion to excuse the juror for cause.  The court stated:  "He told us he was a resident of Pomona [and] he was certainly summoned through that Pomona residence to be here, and he appeared.  [¶]  So I'm going to deny the motion to discharge him at this point.  However, why don't you put a little note on your trial record, [defense counsel], and when we get down to the end, before they come back with a verdict, maybe even before they go out, I will let you renew your motion.  [¶]  . . .  [¶]  That way you can do a little more research . . . ."

Appellant claims the trial court had a sua sponte obligation to conduct an additional inquiry with the juror because, in appellant's view, the court was given notice

3

that there may be good cause to discharge him.  He maintains the trial court's failure to pursue the matter further warrants reversal of the judgment.  Appellant is incorrect.

"The decision whether to investigate the possibility of juror bias, incompetence, or misconduct—like the ultimate decision to retain or discharge a juror—rests within the sound discretion of the trial court.  [Citation.]  The court does not abuse its discretion simply because it fails to investigate any and all new information obtained about a juror during trial.  [¶]  [A] hearing is required only where the court possesses information which, if proven to be true, would constitute 'good cause' to doubt a juror's ability to perform his duties and would justify his removal from the case.  [Citations.]"  (*People v. Ray* (1996) 13 Cal.4th 313, 343.)

It is true that the people who "reside" outside the trial court's jurisdiction are not qualified to sit as jurors.  (Code Civ. Proc, § 203(a)(4).)  In the context of the election laws we have observed:  "'[T]he residence of a person is that place in which the person's habitation is fixed for some period of time, but wherein he or she does not have the intention of remaining.'  [Citation.]  Thus, '[a]t a given time, a person may have *more than one* residence.'  [Citation.]"  (*People v. Superior Court (Wright)* (2011) 197 Cal.App.4th 511,  515, original italics (*Wright*).)  Appellant has not argued that the reference to the juror's residence in the Code of Civil Procedure has a different meaning than the ordinary commonsense definition recognized in *Wright*.  Indeed, there is no reasonable basis to define "residence" differently in this case.

The court did not have information which, if proven to be true, would constitute good cause to excuse Juror No. 3.  Because Juror No. 3 indicated during voir dire that he resided within the jurisdiction of the trial court, it was inconsequential that he possibly had an additional residence outside the jurisdiction of the court.  The existence of an additional residence in a city outside of Los Angeles County did not render him

4

unqualified to serve.  Thus, the absence of further inquiry into the juror's alternate residence did not amount to an abuse of discretion. [1]

B.  Sufficiency of the Evidence

"The elements of [possession of cocaine] are:  actual or constructive possession with knowledge of the presence of the drug and its narcotic character.  [Citations.]  The elements may be established by circumstantial evidence and any reasonable inference drawn from such evidence.  [Citations.]" (*People v. West* (1990) 224 Cal.App.3d 1337, 1347-1348; see Health & Saf. Code, § 11350, subd. (a).)

"In reviewing a challenge to the sufficiency of the evidence, we do not determine the facts ourselves.  Rather, we 'examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'  [Citations.]  We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.  [Citation.]  [¶]  The same standard of review applies to cases in which the prosecution relies primarily on circumstantial evidence . . . .  [Citation.]  '[I]f the circumstances reasonably justify the jury's findings, the judgment may not be reversed simply because the circumstances might also reasonably be reconciled with a contrary finding.'  [Citation.]  We do not reweigh evidence or reevaluate a witness's credibility.  [Citation.]" (*People v. Guerra* (2006) 37 Cal.4th 1067, 1129, overruled on a different point in *People v. Rundle* (2008) 43 Cal.4th 76, 151.)

Appellant argues there was insufficient evidence he possessed the cocaine because "no one could say unequivocally where the baggie originated from."  He also maintains there was "no evidence" he knew the substance was present.  Appellant's argument is unpersuasive.

---

[1] Appellant does not argue the trial court erroneously denied his motion to discharge the juror.  Thus, we decline to address respondent's argument that this claim is forfeited.

5

Appellant admitted to his superior that he possessed what he believed to be cocaine. Initially he said it may have been the result of an arrest; then he claimed it was recovered from his son's vehicle. Both of his explanations constitute strong evidence he possessed cocaine and that he knew of its presence on his person. Testimony indicated the video showed the baggie falling from near appellant's waistband to a debris-free floor. Based on appellant's statements and the testimony of the deputies, a reasonable trier of fact could have concluded the prosecution established the elements of possession and presence.

### III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J. *

We concur:

MOSK, Acting P.J.

KRIEGLER, J.

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.